## SMITH, Under-tutor *v.* DICKERSON, Tutrix.

Defendant, natural tutrix of her minor children, being about to contract a second marriage, applied to a family meeting to determine whether she should retain the tutorship, which decided that she should do so, on condition of her executing, prior to her marriage, a bond to the parish judge in a certain sum to secure the rights of the minors, and on that condition only. Having married without executing the bond, the under-tutor instituted a suit for her destitution, to which she answered objecting to the right of the family meeting to require a bond and to the form of the bond required, but alleging her readiness, with her husband, to give security, if required by law. *Held,* that defendant should be retained as tutrix on giving bond and security, *in solido,* with her husband, for the faithful performance of her duties as tutrix.

APPEAL from the District Court of West Feliciana, *Boyle, J. Phillips,* for the plaintiff. *Ratliff* and *Cowgill,* for the appellants, cited *Rachal* v. *Rachal,* 10 La. 460. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a judgment by which the mother has been deprived of the tutorship of her minor children. The reason given by the judge is, that she, being a widow, married her present husband, "without having been retained in her natural tutorship to her minor children by a family meeting."

Article 272 of the Civil Code provides that the mother, the natural tutrix of her minor children, wishing to contract a second marriage, must, before the celebration of the marriage, apply to the judge for the convocation of a family meeting, for the purpose of deciding whether she shall remain tutrix. If she neglect to apply for the family meeting, she is *ipso facto* deprived of the tutorship, &c. The party defendant, before her second marriage, applied for a family meeting under this article, and the meeting unanimously determined that she should retain the tutorship, notwithstanding her proposed marriage, on condition that she should, prior to her marriage, give *bond* to the *parish judge,* in the sum of ten thousand dollars, to secure said minors, and upon that *condition only.* The under-tutor consented to the homologation of these proceedings without further notice, and it appears that the marriage was celebrated without the bond being given.

The question has been raised as to the right of the family meeting to append this condition to their assent, and also to the form in which the bond is required to be given. In this state of things, we think the judge erred, in decreeing the destitution of the mother of the tutorship of her children, particularly as she, in her answer, and her husband, have declared their willingness to give security for the tutorship, if the law requires it of them.

The judgment of the District Court is therefore reversed, and it is decreed that the defendant *Mary Ann Dickerson* be retained in the tutorship of her minor children, on her giving bond and security, *in solido* with her husband, conditioned for the faithful performance of her duties as tutrix; the costs of appeal and of the court below, to be paid out of the estate of said minors.